## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| SHERMAN HENDERSON | * | CIVIL ACTION NO.  15-0669 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| UNION PACIFIC RAILROAD COMPANY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is Plaintiff

Sherman Henderson's second motion to compel [doc. # 43]. For reasons assigned below, the

motion is **DENIED.**[1]

### Background

This discovery dispute arises out of the second set of supplemental interrogatories and

second supplemental requests for production served by Plaintiff Henderson on Defendant Union

Pacific Railroad Company ("Union Pacific").

### Analysis

### I.    Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil procedure provides that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

defense . . . ." FED. R. CIV. P. 26(b)(1). The Rule specifies that "[r]elevant information need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence." *Id.* Relevant information encompasses "any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

      Once a party moving to compel discovery establishes that the materials and information it

seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the

party resisting discovery to substantiate its objections. *McLeod, Alexander, Powel & Apffel, P.C.*

*v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party objecting to discovery "must state with

specificity the objection and how it relates to the particular request being opposed, and not

merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably

calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.*, No. A B-

05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citing *Harding v. Dana Transport, Inc.*,

914 F. Supp. 1084, 1102 (D. N.J. 1996)). In other words, to escape the production requirement, a

responding party must interpose a valid objection to each contested discovery request. *Quarles*,

894 F.2d at 1485. Conclusory objections that the requested discovery is "overly broad,"

"burdensome," "oppressive," and "irrelevant," do not suffice. *Id.*

      Rule 33 provides that a party may request another party to respond to up to 25 written

interrogatories, including discrete subparts. FED. R. CIV. P. 33(a)(1). "The responding party must

serve its answers and any objections within 30 days after being served with the interrogatories."

*Id.* at (b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately

and fully in writing under oath . . . . The grounds for objecting to an interrogatory must be stated

with specificity." *Id.* at (b)(3)-(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at (b)(4).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." FED. R. CIV. P. 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection. *See* FED. R. CIV. P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. *Id.* at (a)(4). Furthermore, the court "may, on motion, order sanctions if . . . a party after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response." *Id.* at (d)(A).

The discovery rules are accorded a broad and liberal treatment in order to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Sanders*, 437 U.S. at 351. A court may limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the

3

information sought; or (3) the burden or expense of the proposed discovery outweighs its likely

benefit. FED. R. CIV. P. 26(b)(2)(C).

## II.     Disputed Discovery

### a. Second Supplemental Interrogatory No. 14 and Second Supplemental Request for Production No. 15

Interrogatory No. 14 requests the identities and contact information of flagmen who

completed Daily Safety Briefings regarding the grapple truck at issue. Relatedly, Request for

Production No. 15 requests a copy of Daily Safety Briefings completed by operators of the

grapple truck. [doc. #43, Exhs. B and C].

Union Pacific argues that both requests should be denied as moot because Plaintiff

prematurely filed this motion before Union Pacific's responses were due, and Union Pacific has

since responded. In response to both requests, Union Pacific states that it is not in possession of

responsive information regarding the grapple truck because a third-party contractor of Defendant,

Shade Railroad Services, Inc. ("Shade"), owned the grapple truck. Thus, Union Pacific asserts

that Shade completed and retained the documentation related to both the truck and the identities

of any flagmen working on the truck. [doc. #52, Exhs. C and D].

Neither party has indicated whether it has attempted to obtain documents from Shade

concerning the grapple truck. At this time, the Court declines to compel Union Pacific to obtain

responsive information and documents related to the grapple truck from Shade because Plaintiff

is equally capable of obtaining, or attempting to obtain, same. For example, Plaintiff may

subpoena Shade (or other nonparties) to produce or permit inspection of documents in its

possession. FED. R. CIV. P. 34(c); FED. R. CIV. P. 45. Furthermore, even if Union Pacific has

access to those documents by virtue of its prior relationship with Shade, this is an insufficient basis to compel Union Pacific to produce such documents. *See Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 821 (5th Cir. 2004) (holding that Rule 34 only requires production of documents in the "possession, custody, or control" of the person, not documents the person "could conceivably have access by virtue of his prior position" with a third party); *Western Geco LLC v. Ion Geophysical Corp.*, No. H-09-1827, 2010 WL 2266524, *2 (S.D. Tex. June 2, 2010).[2] Thus, to the extent Interrogatory No. 14 and Request for Production No. 15 request documents concerning the grapple truck and the identity of flagmen working on the grapple truck, Plaintiff's motion to compel is **DENIED**.

Additionally, in his memorandum in support, Henderson attempts to expand Request for Production No. 15 to include a request for Form B and/or C, Track Bulletins, and Tie Gang Daily Reports concerning the grapple truck, as well as Shade Railroad Services, Inc. work orders and invoices issued for work done on the grapple truck for the time period in question. [doc. #43, p. 6].

In response, Union Pacific has since produced two invoices reflecting work performed by

---

[2] On June 30, 2016, Henderson filed his first motion to compel. [doc. #27]. He requested information concerning work done by Union Pacific mechanics on the grapple truck, as well as timekeeping records and daily logs related to same. In its August 18, 2016, memorandum order, the undersigned granted Plaintiff's request to the extent that Union Pacific was required to clarify whether it had any responsive documents in its possession, custody or control concerning work done by Union Pacific mechanics related to the grapple truck. [doc. #35, p. 6]. Union Pacific again responded that it did not own, maintain, or have possession or control of the grapple truck at the time of the incident. [doc. #53, Exh. B]. It further responded that no Union Pacific Maintenance and Way Mechanics ever worked on the grapple truck in question, and thus, Defendant had no responsive information as it related to the grapple truck. *Id.* Thus, the Court is satisfied that Union Pacific does not have "possession, custody or control" of responsive documents related to the grapple truck as defined by the Fifth Circuit.

Shade during the referenced time period. Thus, this portion of Request for Production No. 15 is **DENIED** as **MOOT**. [doc. #52, p. 5]. As for the track bulletins, Forms B and C, and Tie Gang Daily Reports, the Court finds that Request for Production No. 15 is very specific in that it requested only Daily Job Briefings—not Forms B or C, Track Bulletins or Tie Gang Daily Reports.[3] Accordingly, insofar as Plaintiff attempts to expand his request to include bulletins, Forms B and C, and tie gang daily reports, Request for Production No. 15 is **DENIED**. If Plaintiff wishes to discover these more specific requests, he must propound discovery to that effect.

### b. Second Supplemental Interrogatory No. 15

Plaintiff's Interrogatory No. 15 requests Defendant to provide "the name, address and telephone number of the flagman employed by Union Pacific with the first name of "Chris" who worked with plaintiff in Dumas, AR or at any time thereafter." *Id.*

Union Pacific has since responded that, "after thorough investigation, Union Pacific has been unable to verify the existence of a flagman with the first name 'Chris' who worked with plaintiff in Dumas, AR or any time thereafter." *Id.* Union Pacific stated that it would supplement its response should information regarding same be found. *Id.* Accordingly, Plaintiff's motion to compel response to Interrogatory No. 15 is **DENIED** as **MOOT**. As always, Union Pacific must supplement its responses should new information become available.

### c. Plaintiff's Subpoena Duces Tecum

---

[3] It would have been helpful to the Court if Plaintiff provided a description of "Track Bulletins, Forms B and C and Tie Gang Daily Reports." In a conclusory fashion, Plaintiff asserts that his discovery requests encompass such documents; but without knowing what those forms *are*, the Court is left to guess.

On August 18, 2016, Plaintiff issued a subpoena duces tecum to Defendant, which

Plaintiff argues encompassed a request for bulletins, forms B and C, and tie gang daily reports.

[doc. #43, Exh. D]. The subpoena duces tecum requested production of,

> *Any and all records, files, work orders, invoices, electronic data including but not limited to emails, photographs, or any documents or information whatsoever regarding the grapple truck being operated by the plaintiff at the time of the accident and the operations which were taking place by Shade Railroad Services, Inc. at, near or out of the Union Pacific Mount Vernon, IL or Dumas AR yards prior to the accident. This request includes any and all documents and information regarding any reports of a hydraulic leak on the grapple truck being operated by the plaintiff at the time of the accident and plaintiff specifically requests that all records of Daily Job Safety Briefings and all DODT Driver logs in possession of Union Pacific Railroad Company for the grapple truck in question from August 1, 2013 through December 2, 2013. Any repairs, or planned or contemplated repairs either pre or post accident. This request incudes [sic] designation of a witness or witnesses to testify regarding all information as set forth above.*

*Id.* Be that as it may, however, this court lacks authority to enforce the subpoena because

compliance was required in the Eastern District of Louisiana,[4] not the Western District. *See* FED.

R. CIV. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party

may move the court for the district where compliance is required for an order compelling

production or inspection."). Thus, to the extent that Plaintiff requests production of reports

pursuant to this subpoena, that request is **DENIED.**

    d. Plaintiff's Request to Re-Open Corporate Depositions of Defendant

    In the event the instant motion to compel is granted, Plaintiff requested the opportunity to

re-depose Defendant's corporate representatives regarding the contents of newly-obtained

documents. [doc. #43, p. 4]. As described above, the Court denies Plaintiff's motion to compel

---

    [4] Defendant's corporate deposition took place in New Orleans, Louisiana. [doc. #43, Exh. D]. Accordingly, compliance is required there.

production of documents concerning the grapple truck. Accordingly, Plaintiff's request to re-open the corporate deposition of Defendant is **DENIED** as **MOOT.**

### Conclusion

For the reasons stated above,

Plaintiff's Second Motion to Compel discovery and to re-open the corporate deposition of Defendant, [doc. #43], is **DENIED** as set out above.

Further, Plaintiff's Motion to Compel production of certain reports in response to its August 18, 2016, subpoena duces tecum is **DENIED** because compliance was required in the Eastern District of Louisiana.

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of October, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE